MERRITT C. HERRINGTON, Appellant, v. THE VILLAGE OF LANSINGBURGH, Respondent.

Defendant, under authority given by its charter, entered into a contract for the construction of a sewer in one of its streets. The contract provided that all damages done in the construction should be paid by the contractors. Plaintiff's team, which was standing in a street crossing the one in which the sewer was being constructed, was frightened by the noise of a blast fired by the contractors in the prosecution of the work, and, while attempting to control them, plaintiff was injured. In an action to recover damages, _held_, that defendant was not liable; that if there was any culpable negligence which caused this injury it was that of the contractors, and they alone were responsible.

(Argued June 8, 1888; decided June 19, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made at the May Term, 1886, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

SICKELS — VOL. LXV.   19

*Edgar L. Fursman* for appellant. It is the duty of a municipal corporation having the control of its streets to keep them in a reasonably safe condition for whomever may be lawfully upon them. (*Niven* v. *Rochester*, 76 N. Y. 619; *Ring* v. *Cohoes*, 77 id. 83; *Lavery* v. *Hannigan*, 52 Supr. Ct. 463, 467.) The city cannot relieve itself of this duty by contracting with third persons for the performance of work upon its streets when the nature of the work is of a character to render the streets unsafe. (*Storrs* v. *City of Utica*, 17 N. Y. 104; *King* v. *N. Y. C. R. R. Co.*, 66 id. 185; *Bruso* v. *City of Buffalo*, 90 id. 679.) Where a municipal corporation authorizes an excavation or obstruction in the street it is bound to so guard it that injury shall not result to one lawfully using the street. (*Storrs* v. *Utica*, 17 N. Y. 104; *Bruso* v. *City of Buffalo*, 90 id. 679.) The negligence of the contractor in not properly guarding the excavation so as to prevent falling into it, or in not lighting it so as to give warning of its existence, or in case of blasting in not giving warning that that is about to be exploded, becomes the negligence of the village, and if because of such negligence injury happens, the village is liable. (*Creed* v. *Hartman*, 29 N Y. 591.) When the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the employer is not liable, but when the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do such acts is liable to the injured party. (*Water Co.* v. *Ware*, 16 Wall. 566, 576; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178, 183; *King* v. *N. Y. C. R. R. Co.*, 66 id. 185; *Sulzbacher* v. *Dickie*, 6 Daly, 471, 476; *City of Joliet* v. *Harwood*, 86 Ill. 110; 29 Am. Rep. 17.) It was the duty of the village to see that the necessary warning was given, and the fact that the work was done by contract furnishes no defense to the action. (*Lockwood* v. *Mayor, etc.*, 2 Daly, 66.)

*Henry A. Merritt,* for respondent.   The same test for determining whether the relation of master and servant exists applies on the part of municipal corporations as in case of individuals.   (Wood's Master and Servant, § 460.)   A municipal corporation is not liable when it does not stand in the relation of master or principal to the party by whose negligent act the injury has been occasioned, and where it is authorized by law to do an act purely for the public benefit, it is not liable for the consequences of a careful execution of work.   (Wood's Master and Servant, § 468.)   It is not liable for the negligent conduct of the contractors or his employes in blasting.   (Shear. and Redf. on Neg., § 142; Dillon on Mun. Corp. § 792.)   Although the specification provided that the work should be done to the satisfaction of the engineer in charge of the work, this did not create any liability upon the part of the defendant.   (*Pack* v. *Mayor, etc.,* 8 N. Y. 222; *Kelly* v. *Mayor, etc.,* 11 id. 432; *Blackwell* v. *Wiswall,* 24 Barb. 355; *Ham* v. *Mayor, etc.,* 70 N. Y. 459, 462; *Storrs* v. *City of Utica,* 17 id. 104; *McCafferty* v. *S. D. & Pt. M. R. R. Co.,* 61 id. 178; *King* v. *H. R. R. Co.,* 66 id. 181; *People* v. *Campbell,* 82 id. 247, 253; *Vogel* v. *Mayor, etc.,* 92 id. 10, 17; *Dressoll* v. *City of Kingston,* 32 Hun, 533, 535.)   The defendant cannot be held liable because it let out the contract for this work instead of performing it itself, and thereby was guilty of a breach of duty.   Such breach was not *per se* a wrongful act for which an action would lie in favor of a stranger.   (*Blackwell* v. *Wiswall,* 24 Barb. 355, 361; *Keith* v. *Inhab. of Easton,* 2 Allen, 552; *Kingsbury* v. *Dedham,* 13 id. 186; *Cook* v. *Charlestown,* 98 Mass. 80; *Bemis* v. *Arlington,* 114 id. 507; *Cook* v. *Montague,* 115 id. 571; *Agnew* v. *City of Corunna,* 55 Mich. 428.)   The provision in the charter authorizing the defendant to prevent any amusement or practice to frighten teams or to regulate the explosion of gunpowder creates no liability upon its part.   (Dillon on Mun. Corp. [3d ed.], § 952.)   A failure by a corporation to exercise its charter power to abate nuisances does not give a person who is injured by the failure an

action against the corporation. (Dillon on Mun. Corp. § 753.) The defendant is not liable on account of the provision in the contract that the contractors should indemnify the defendant for any damage or pay any damages which the defendant might be compelled to pay on account of the work. (*Blake* v. *Ferris*, 5 N. Y. 48; *Kelly* v. *Mayor*, etc., 11 id. 432; *McCafferty* v. *S. D. & Pt. M. R. R. Co.*, 61 id. 178.)

EARL, J. The defendant is a municipal corporation, and, by its charter, is clothed with power to cause the construction of sewers. On the 23d day of October, 1878, it made and entered into a contract in writing with Broderick and Ellis for the construction of a sewer in and through one of its streets called State street. The specifications for the work provided that all damages arising from blasting to be done in the construction of the sewer should be paid for by the contractors. State street crossed Market street at right angles. On the 7th day of December, 1878, the plaintiff came into the village with a team and tied his horses to a post in Market street about fifteen feet from State street, in front of a grocery, and went into the grocery, and while there the contractors fired a blast in State street which frightened the team. The plaintiff rushed from the grocery and while attempting to control the team was severely injured. The place where the blast was fired was about 200 feet from Market street, and the team where it was fastened in Market street was not visible from the place of the blasting. The claim of the plaintiff is, that the defendant is responsible to him for the injury he sustained in consequence of the frightening of the horses by the blast.

At the place where the horses were fastened the street was in perfect condition and the horses did not become restless or frightened from anything existing in the street, and the accident was in no way caused by any imperfect condition of the street, but simply by noise resulting from the blast.

If there was any culpable carelessness which caused the injury to the plaintiff, it was that of the contractors. They had entire control of the work and the manner of its per-

formance.   They could choose their own time for firing the blasts and select their own agents and instrumentalities.   They could make the charges of powder large or small, and they could, in some degree, smother the blasts so as to prevent falling rocks and much of the noise of the explosion; or they could carelessly omit all precautions, and for the consequences of their negligence they alone would be responsible. If it was a prudent thing to notify persons in the vicinity of the blast before it was fired, then the contractors should have given the notice; but the duty to give it did not devolve upon the village.   And for these conclusions the cases of *Pack* v. *Mayor, etc.* (8 N. Y. 222); *Kelly* v. *Mayor, etc.* (11 id. 432), and *McCafferty* v. *Spuyten Duyvil. etc., Railroad Company* (61 id. 178), are ample authority.

It is conceded by the learned counsel for the appellant that if the plaintiff had been hit by a fragment of rock thrown by the blast, the defendant would not have been and the contractors would alone have been responsible.   So, too, if a fragment of rock had struck one of the horses, or had fallen or passed near them and thus had frightened them causing the injury to the plaintiff, within the authorities cited the defendant would not have been responsible.   And for precisely the same reason no responsibility rests upon it because the team was frightened by the noise of the explosion.   A rule which would cast responsibility upon the defendant for injuries resulting from the noise of the explosion, and exempt it from responsibility for injuries caused by fragments of rock thrown by the explosion, would rest upon no rational basis and require distinctions too fine for the practical administration of justice.

The judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting, and DANFORTH, J., dissenting.

Judgment affirmed.