### FRENCH v. VIX et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. BUILDING CONTRACT — INDEMNITY OF OWNER FOR DAMAGES TO THIRD PERSONS.

A stipulation in a building contract by which the contractors assume liability for any damages that may be done to the property or person of any neighbor or passer-by during the performance of such work is for the protection of the owner, to save him from claims enforceable against him, and does not give a neighbor a right of action against the contractors for the acts of an independent subcontractor, where the owner would not have been liable had such acts been done by the contractors themselves.

2. SAME — NEGLIGENT BLASTING BY SUBCONTRACTOR.

Work of which blasting forms an essential part is not dangerous in itself, but the danger arises from the manner in which the work is done; and therefore contractors for the erection of a building are not liable for injuries caused by an independent subcontractor's negligence in blasting rock in the excavation for the building, in the absence of any showing that the contractors themselves were negligent.

3. SAME.

Since the owner of the premises is not liable for injuries to a neighbor caused by the negligence of the independent subcontractor in doing the blasting, the contractors are not liable on their stipulation to indemnify the owner for injuries to neighbors or passers-by during the performance of the work. Water Co. v. Ware, 16 Wall. 566, distinguished.

4. SAME — CONTRACTORS AS INSURERS.

The stipulation by the contractors to indemnify the owner for damages to neighbors or passers-by during the performance of the work does not make the contractors insurers against injury to the property of a neighbor who had no knowledge of the contract, for whom the owner did not act as agent, in whose property he had no insurable interest, and for which insurance he paid no consideration.

Exceptions from trial term.

Action by Georgie French against Jacob Vix and others for injuries to plaintiff's premises caused by blasting on the adjoining premises in excavating for a building, for the erection of which defendants were contractors and subcontractors. There was a verdict in plaintiff's favor, and the court directed the exceptions of defendants Vix, who were the contractors, to be heard in the first instance at the general term. Exceptions sustained, and verdict set aside.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Williams & Vanderzee, (William Henry Arnoux, of counsel,) for plaintiff.

Deyo, Duer & Bauerdorf, (Robert E. Deyo, of counsel,) for defendants Vix.

BOOKSTAVER, J.　This case was tried at trial term, and resulted in a verdict in favor of the plaintiff for $2,500, whereupon the trial judge ordered the exceptions to be heard at the general term in the first instance.　On the trial it appeared that in May, 1889, the plaintiff was the owner of a house and lot on West Sixtieth street, and that Nicholas Henry was the owner of a vacant lot immediately adjoining on the west. In that month, Henry entered into a contract with the defendants Vix for the erection of a building on his lot.　This contract contained, among other things, the following clause:

"And the said parties of the second part [Vix] further agree to become answerable and accountable for any damages that may be done to the property or person of any neighbor or passer-by during the performance of said work."

It further appeared that the surface of Henry's lot was covered with rock, and the defendants Vix made a subcontract with the defendant Dolan, a blaster, to excavate the earth and rock, which contained the following provision:

"The said Dolan hereby assumes all responsibility for any loss or damage which may occur to person or property while he or his employes are engaged in the performance of such work, and hereby agrees to save the said Jacob Vix & Son harmless from the payment of any such loss."

Dolan commenced to work about the 25th May, 1889, and the first blast was on the 14th June in that year.　In preparation for that blast, Dolan's workmen drilled a row of six holes within five feet of the wall of plaintiff's house, and two other rows,—in all eighteen holes.　This was done by machinery, and the holes were each eight feet deep and four feet apart; the rows being the same distance apart.　When this blast was let off, it caused the ceiling in the hall and in every room in plaintiff's house to fall; the stoop was knocked down; several stone banisters broken; the heavy newel posts separated from the stoop; the brownstone under the stoop was knocked out of place; also the iron door; four of the beams holding the basement floor were split; the heavy iron sewer pipe was broken; and other considerable damage done the building.　After this the blasting continued, and other injury was done to plaintiff's property.　To recover for these injuries this action was brought against the Vixes and Dolan; the complaint alleging that Dolan was the agent of the Vixes, and that the Vixes, by their contract with Henry, had agreed to become and be accountable and personally responsible for any and all damages that might or should be done to the adjoining property by reason of the prosecution of the work, and that the rock was blasted in a negligent and unlawful manner, and that by reason thereof the damage was done.　The answer of the Vixes denied that Dolan was their agent, or that they had any control over or knowledge of the manner in in which the work was done, and alleged that Dolan did the work as an independent contractor.　He also interposed an answer, and was present

on the trial and sworn as a witness, but took no other part in the trial of the action, and was not represented by counsel. On the trial the court held "that the stipulation in the agreement between Henry and the Vixes made the Vixes liable upon the ground that they were substantially indemnitors, and that from the principle of avoiding circuity of action a person might act at once against the person ultimately liable." The same view was taken on the motion to dismiss the complaint, when the plaintiff rested. The court also held "that no question of negligence or nonnegligence is involved in the case;" and the jury was charged that "in any event you must find a verdict for the plaintiff;" and "they [the Vixes] are held accountable, not because they did the injurious act, since, as I have already said, they did not do it, either themselves or by their own authorized agent or servant; and their liability constitutes a marked exception to the ordinary rule of law, which is that no man is responsible for an act which he did not do himself, or by some agent or servant that he has constituted to do the act. The defendants Vix, therefore, are liable by virtue of an arbitrary rule of law, namely, having signed this stipulation by which they agreed with Mr. Henry, the owner of the lot upon which the blasting was to be done, to be 'answerable and accountable' for the damages, that therefore only the defendants are responsible."

We think the ground assumed by the learned judge in this case at the trial term is untenable. If the Vixes were indemnitors, they were only such as to Mr. Henry, the only person with whom they contracted, as it must be assumed from an inspection of the contract that he only contracted on his own behalf and for his own security, and to relieve himself from all liability to others by reason of any of the work done upon his premises. In fact, this was conceded by the court below, for the only circuity of action possible is that the plaintiff should first sue Henry, and, if she recovered, Henry might have an action over against the Vixes for the amount he was compelled to pay her. It follows that the plaintiff cannot recover against the Vixes unless she had a right of action against Henry. To hold otherwise is to say that the stipulation in the contract was inserted by Henry, not to protect him from claims which he supposed could be enforced against him, but so that "any neighbor or passer-by" might have a right of action against the Vixes in cases where such persons could not have a right of action against him; and this, irrespective of the question of whether the damage was lawfully or unlawfully done, for the clause is not restricted. The question then resolves itself into this: Were the acts complained of such as would authorize a recovery against Henry, provided the work had been done by the Vixes themselves under the contract they had made with Henry? In other words, would Henry be protected from liability under the rule of respondeat superior? This in turn depends upon the answer to another question: Did the damage necessarily result from the nature of the work itself, or did it result from the manner in which the work was performed? If the work done was bound to produce the result, the person for whose benefit the work is done cannot shield himself by showing that the work was done by an independent contractor,

(Dorrity v. Rapp, 72 N. Y. 307;) but if it resulted from the method in which the work was done, the person benefited having no control over such method, or of the persons pursuing it, then the contractor is solely liable. These are elementary principles, and so firmly established that they need no citation of authority to sustain them. It remains, then, to be determined whether work of which blasting forms an essential part is dangerous in itself, or whether it is devoid of danger unless improper methods are used in the employment of it. The tendency of courts in this state at first was towards the view that it was inherently dangerous, and that a person employing another to do such work would be responsible for injuries arising therefrom, without showing negligence on his part; but the later decisions all tend to hold that blasting is not dangerous in itself, and we think that view is now firmly established by the courts of this state. Blake v. Ferris, 5 N. Y. 48; Pack v. Mayor, etc., 8 N. Y. 222; Kelly v. Mayor, etc., 11 N. Y. 432; Herrington v. Village of Lansingburgh, 110 N. Y. 145, 17 N. E. Rep. 728. In the latter case the facts were that defendant entered into a contract for the construction of a sewer in one of its streets. The contract provided that all damage done in the construction should be paid by the contractors. Plaintiff's team, which was standing in a street crossing the one in which the sewer was being constructed, was frightened by the noise of a blast fired by the contractors in the prosecution of the work, and, while attempting to control the horses, plaintiff was injured. Held, that the defendant was not liable; that, if there was any culpable negligence which caused the injury, it was that of the contractors, and they alone were responsible; and Judge Earl, in the course of the opinion, says:

"The accident was in no way caused by any imperfect condition of the street, but simply by noise resulting from the blast. If there was any culpable carelessness which caused the injury to the plaintiff, it was that of the contractors. They had entire control of the work and the manner of its performance. They could choose their own time for firing the blast, and select their own agents and instrumentalities. They could make the charges of powder large or small, and they could in some degree smother the blasts, so as to prevent falling rocks and much of the noise of the explosion; or they could carelessly omit all precautions, and for the consequences of their negligence they alone would be responsible. If it were a prudent thing to notify persons in the vicinity of the blast before it was fired, then the contractors should have given notice, but the duty to give it did not devolve upon the village; and for these conclusions the cases of Pack v. Mayor, etc., 8 N. Y. 222, Kelly v. Mayor, etc., 11 N. Y. 432, and McCafferty v. Railroad Co., 61 N. Y. 178, are ample authority. It is conceded by the learned counsel for the plaintiff that, if the plaintiff had been hit by a fragment of rock thrown by the blast, the defendant would not have been, and the contractors would alone have been, responsible. So, too, if a fragment of rock had struck one of the horses, or had fallen or passed near them, and this had frightened them, causing the injury to the plaintiff, within the authorities cited the defendant would not have been responsible. * * * A rule which would cast responsibility upon the defendant for injuries resulting from the noise of the explosion, and exempt it from responsibility for injuries caused by fragments of rock thrown by the explosion, would rest upon no rational basis, and require distinctions too fine for the practical administration of justice."

See, also, Brennan v. Gellick.[1]

These authorities all establish that blasting rock does not necessarily cause injury, and that damage arising therefrom is solely the result of

[1] See note at end of case.

employing it negligently; and that, when the work is done by an independent contractor, he only is responsible for such damage. In other words, it seems to be the settled law of the courts of this state that they will take judicial notice that blasting is not injurious to persons or property per se, or unless conducted in a negligent manner. That it was negligently done in this case by the subcontractor, Dolan, is apparent from the number, depth, and proximity of the holes drilled to each other and to plaintiff's premises, and their simultaneous discharge. The force developed must have been terrific, and one is not surprised at the injuries resulting to plaintiff's premises. But all these matters were under the control of the subcontractor, Dolan, and not of Henry, or even the Vixes. The court below in its rulings followed Water Co. v. Ware, 16 Wall. 566, where many of the facts were similar to those now under consideration; but this case was decided on a principle which cannot be applied to the contract of a private person. It held that, where a water company had agreed with a municipal corporation to be responsible for damages while laying water pipes in the street, a party injured by the negligence of those doing the work could recover against the water company. The water company was held liable in a suit by the person injured, because the municipality was also liable, on the ground that, being charged with the control of the streets, they must keep them in a safe condition for travel; that the agreement with the water company would not acquit the municipality of an obligation, otherwise attaching, to keep the streets safe and convenient for travelers; and that the person injured might sue the water company because it might well be held that a party injured through a defect or want of repair in such a street, occasioned by the neglect or carelessness of such a contractor in doing the work, or of those for whose acts he is responsible, may, at his election, sue the contractor for redress, or pursue his remedy against the municipality, as it is clear that the contractor, in case of a recovery against the latter, would be answerable to the municipality, as stated in his agreement. This is a very different case from the one at bar. In this case, Henry, for whose benefit the work was done, did not owe any duty to third persons in reference to it unless he undertook to do it himself, as shown by the cases before cited, but the city of St. Paul, as a municipality, was charged with the duty of keeping its streets safe for those using them, and it did not have the power to make a contract by which others assumed to perform a part of the functions imposed upon it by law, so as to relieve it; but as the city had been indemnified against damage caused by those who so assumed, the person injured could sue the indemnitor direct, for, if the suit was brought against the city, and a recovery had, the city could in turn recover the amount from its indemnitor. But this would involve two suits, whereas the same object could be accomplished, without prejudice to the indemnitor, in one suit, brought by the person injured against the contractor direct, thus avoiding circuity of action. The rule that municipalities cannot by contract shift the duties imposed upon them by statute upon those assuming to contract with them for that purpose is fully recognized in this state. Storrs v. Utica, 17 N. Y. 104,

cited in Water Co. v. Ware; Brusso v. Buffalo, 90 N. Y. 679.   The headnote in Water Co. v. Ware, supra, is misleading.   It seems to assert that the broad proposition that, in all cases where indemnity has been given, the indemnitor may be pursued in the first instance by a person injured; which, as before shown, was not decided by the court, but is authority only for the proposition that when a contractor is engaged in performing work in which an injury is done, for which the person or corporation with whom he contracted is liable, then, if the contractor has indemnified such person or corporation, the person injured may sue the contractor direct, on the principle of avoiding circuity of action.   But the cases we have before cited from the highest court of this state are abundant authority for holding that, where the accident is caused by blasting, there would be no liability even of a municipality, and a fortiori there could be no liability of a person not charged with a special duty, always assuming that the work was done by an independent contractor.   It follows that to sustain the rulings of the court below it must be held that the Vixes are liable to the plaintiff in a case where the owner could not be held responsible by her.   Such liability existing, not by virtue of anything inherent in the nature of the work, but solely by reason of a stipulation between the owner and the contractor, to which she was not privy, and concerning which it does not appear that she had any knowledge before the damage was done, it is self-evident that, if the work was such that Henry would not be liable if performed by his contractor, then the same rule would protect the Vixes on their subcontract, where a similar provision was inserted in their contract with Dolan, who did the work as an independent subcontractor.   Slater v. Mersereau, 64 N. Y. 138.

The case of Storrs v. Utica, supra, is the only one in any way in conflict with the foregoing reasoning, and that we think has been entirely overruled, or greatly modified, by the court of appeals in Charlock v. Freel, 125 N. Y. 357, 26 N. E. Rep. 262.   But assuming that Water Co. v. Ware does establish that Henry was liable to the plaintiff, and that she could therefore sue the Vixes direct because liable over to Henry, still the plaintiff ought not to succeed here, for she did not bring herself within the conditions laid down in that case.   There the gravamen of the action was negligence, and the fact that the jury found that there was negligence permeates the whole opinion.   Here, although the plaintiff had alleged that the Vixes were liable solely because of negligence, the court expressly held that she was entitled to recover without showing such negligence.   The plaintiff's theory, that the defendants are insurers, has no countenance from Water Co. v. Ware, supra.   If the defendants were insurers of Mrs. French, then she was insured as to her own property, without her knowledge, by Henry, who did not act as her agent, and who had no insurable interest of his own in her property.   A contract of insurance by a person having no interest would be void as a wager policy.   Again, no consideration was paid by Henry to the Vixes for the insurance of Mrs. French.   All that he desired was to have a building erected in accordance with the specifications, and to be secured from any damages either in contesting or otherwise disposing of

any claim for damages arising out of the work. The consideration paid by him to the Vixes was for this, and nothing more. The preceding part of the contract, in which the stipulation under consideration occurs, shows that the only person sought to be protected by that contract was Henry himself. His sole aim was that he should not be called upon to pay such damages, and the Vixes did not by that contract estop themselves from asserting that a claim was not valid against them on the ground that Henry could not be compelled to pay if Mrs. French sued him.

Plaintiff also claims that in McMahon v. Railroad Co., 75 N. Y. 231, the defendant was held liable under a contract. We think the learned counsel has fallen into an error in respect to this case. The defendant was sued in negligence. A contract was offered in evidence, and it was proved that the defendant had been negligent in the discharge of its duties under that contract; and so the court held that "the reception of the agreement in evidence did not change the cause of action from one arising in tort to one based upon contract." In the case under consideration the recovery was had on the contract alone, without proof of negligence thereunder, although the complaint alleged that the cause of action arose through negligence under a contract. Little v. Banks, 85 N. Y. 258, cited by the learned counsel for the plaintiff, is not in point in this case. There the contract was made by a state officer with a bookseller, and the point of the decision was that the action could be maintained by Little on a contract made between Banks and the state, where the officers enter into it for the advantage and welfare of the public, and where such a provision constitutes a material portion of the agreement which is essential to carry it into effect. The contract between Henry and the Vixes was not made by Henry as a public officer, for the welfare of the public, but as a private individual, for his own benefit, and the stipulation as to damages was not a material portion of the agreement which is essential to carry it into effect. In Todd v. Weber, 95 N. Y. 181, the foundation of the liability was that "the natural obligation arising out of his relation to the child is a sufficient consideration for a contract on his part to pay for its support and maintenance." But Henry owed no obligation to the plaintiff, or any other neighbor or passer-by, and nothing in Henry's relations with the plaintiff constituted a consideration as between them that entitled her to any benefit in the stipulation. Besides, in Todd v. Weber the promise was made to do a specific thing for a specific person; but the stipulation in the case at bar is for the benefit of Henry alone, or else must be for the benefit of the whole world. In Rector v. Teed, 120 N. Y. 583, 24 N. E. Rep. 1014, there was a promise on consideration to pay a specific sum to a specific person. The court says:

"A party for whose benefit a promise was made may sue in assumpsit thereon, even if the consideration therefor arose between the promisor and a third person."

But in this case, as far as we can perceive, there was no consideration from Henry to the Vixes for a stipulation inuring to the benefit of third persons. Henry wanted a house built, and he agreed with the Vixes to pay a certain sum for having it built. That sum was the consideration

for the building of the house, and incidentally to save Henry harmless from any claim in connection therewith. In Vrooman v. Turner, 69 N. Y. 280, the rule is laid down:

"To enable a third party to enforce a promise, there must be privity by substitution between the parties, or some prior right or claim against one of the contracting parties, by which he had a legal interest in the performance of the agreement."

We therefore think that the court erred in withdrawing the question of negligence from the jury, and in holding that, without any proof of such negligence, the Vixes were liable. The verdict of the jury should therefore be set aside, and a new trial ordered, with costs to the defendants Vix to abide the event. All concur.

### NOTE.

Brennan v. Gellick et al. was decided by Gildersleeve, J., who filed the following memorandum at a special term of the superior court of New York city, on April 28, 1892:

"The plaintiff is the owner of a five-story brick apartment house, being No. 405 East Eighty-Eighth street, occupied by nine tenants. The defendant Schreiner is the owner of lots immediately adjoining on the east, being Nos. 407 and 409 East Eighty-Eighth street, which lots are covered with rock, which extends a considerable depth below the surface, and forms part of the stratum, as plaintiff claims, which runs underneath plaintiff's said dwelling house. The defendant Schreiner has made a contract with the defendant Gellick to remove said rock from his said premises by blasting. Such blasting has done considerable damage to the plaintiff's property, and plaintiff secured a temporary injunction restraining defendants from further blasting, which injunction the plaintiff now seeks to have continued pendente lite. The defendant Gellick is an independent contractor, and it is not claimed that the relation of master and servant exists between the defendants. The defendant Schreiner demurred to the complaint, claiming that, as he had made an independent contract with the other defendant, he is not liable for the negligence or wrongful acts of said defendant Gellick. I think, under the state of facts as disclosed by the papers before me, the demurrer should be sustained. A party is not chargeable with the negligent act of another in doing work upon his lands unless he stands in the character of employer to the one guilty of the negligence, or unless the work as authorized would necessarily produce the injuries complained of, or they are occasioned by the omission of some duty incumbent upon him. McCafferty v. Railroad Co., 61 N. Y. 179; Burmeister v. Railroad Co., 47 N. Y. Super. Ct. 267. The plaintiff claims that the work per se was wrongful and injurious to the plaintiff, and that therefore the owner, as well as the contractor, were liable for any injury to plaintiff, whether the contractor was negligent or not. But the facts, so far as they may be gathered from the papers herein, do not sustain this contention. It seems that the injuries complained of were the result of an accident, and are not the intrinsic and necessary results of the work called for by the contract between the two defendants. To hold that blasting in the city of New York is intrinsically dangerous and unlawful would be to put an end to all public improvements. In the case at bar the affidavits of the experts show that the work can be done without injury to the property of plaintiff. No negligence in blasting or removing rock under said contract is alleged in the moving papers. The plaintiff rests her rights upon the broad claim that the work contracted for is in its nature dangerous; that said work was so wrongful and injurious per se to the plaintiff that its actionability does not depend upon negligence in doing it. But I am satisfied from the evidence before me that, with due care and skill, the contractor can carry on the work in question without imperiling the plaintiff's adjacent house. I cannot see that plaintiff has adequate cause to fear irreparable injury, and therefore I am not warranted in making an order continuing the injunction. I may add, however, that should the contractor continue the work in a manner to cause further injury to the plaintiff's property, upon sufficient evidence of the continuously injurious character of the work I think an appeal might properly be made to a court of equity to limit and restrain the defendant contractor in the manner in

which the work should be conducted; and, should there be sufficient evidence of a persistence on his part to carry on the work in a heedless and reckless manner, he might be restrained altogether in the prosecution thereof."

