[S. F. Nos. 3837, 3920. In Bank.—December 6, 1907.]

## HARRIET E. HOUGHTON et al., Respondents, v. LOMA PRIETA LUMBER COMPANY, Appellant.

NEGLIGENCE—BLASTING—LIABILITY HOW DETERMINED.—The process of blasting, without reference to the particular locality in which it is carried on, is not so intrinsically dangerous as to be *ipso facto* a nuisance so that the blaster would be liable for the injury caused by it, whether or not he was guilty of any negligence in the manner in which the blasting was done. The question of his liability would depend upon whether or not he was guilty of any negligence.

ID.—INDEPENDENT CONTRACTOR.—Where liability depends upon negligence an independent contractor is liable for the negligence, and not the party who lets the contract.

ID.—BLASTING IN UNINHABITED REGION—EMPLOYER NOT LIABLE FOR.—One who lets a contract to an independent contractor for the purpose of constructing a wagon road through an uninhabited and substantially untraveled, wild, mountainous region is not liable for injury that possibly might happen to some one by reason of the contractor blasting out a stump on the course of the road. The liability for such injury depends upon the negligence of the contractor, for which he alone would be responsible.

APPEALS from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, William Rix, and Alfred J. Harwood, for Appellant.

The defendant is not liable because the blasting was done by an independent contractor. (*French* v. *Vix*, 21 N. Y.

Supp. 1016, 2 Misc. Rep. 312; *Edmundson* v. *Pittsburg etc. R. Co.*, 111 Pa. St. 316, [2 Atl. 404]; *Pack* v. *City of New York*, 8 N. Y. 222; *McCafferty* v. *Spuyten etc. R. Co.*, 61 N. Y. 178, 19 Am. Rep. 267; *Herrington* v. *Village of Lansingburgh*, 110 N. Y. 145, 6 Am. St. Rep. 348, 17 N. E. 728; *Kelly* v. *City of New York*, 11 N. Y. 432; *Smith* v. *Belshaw*, 89 Cal. 427, 26 Pac. 834; *Hedge* v. *Williams*, 131 Cal. 455, 82 Am. St. Rep. 366, 63 Pac. 721, 64 Pac. 106; *Callan* v. *Bull*, 113 Cal. 597, 45 Pac. 1017; *Klepsch* v. *Donald*, 4 Wash. 436, 31 Am. St. Rep. 936, 30 Pac. 991; *Kinkead on Torts*, sec. 259; *Kleebauer* v. *Western Fuse Co.*, 138 Cal. 497, 94 Am. St. Rep. 62, 71 Pac. 617; *Booth* v. *Rome etc. R. R. Co.*, 140 N. Y. 267, 37 Am. St. Rep. 552, 35 N. E. 592, 24 L. R. A. 105.)

Sullivan & Sullivan, and Theo. J. Roche, for Respondents.

McFARLAND, J.—These appeals both arise out of an action in the superior court entitled Harriet E. Houghton et al. v. Loma Prieta Lumber Co. (a corporation). That action was brought by the widow and minor children of Herbert E. Houghton, deceased, to recover damages for his death, alleged to have been caused by the negligence of the defendant. The verdict and judgment were for plaintiff, and from the judgment and from an order denying a motion for a new trial the defendant appeals. The appeal from the order denying a new trial is presented in transcript S. F. No. 3920, and the appeal from the judgment is presented in transcript S. F. No. 3837. The two appeals were heard together and will be determined in one opinion.

The injury which caused the death of the deceased occurred in this way: On February 2, 1901, a road was being constructed along a wooded and mountainous region, and about noon of that day a stump which stood in the course of the projected road was exploded. At the time of such explosion the deceased was walking along the course of the said road that was thus being constructed, and was in the close vicinity of said stump, and received such injuries from the consequences of the explosion as caused his death a few days after.

It is contended by appellant that the persons who were actually engaged in the construction of the road had given ample notice of the coming explosion and were not guilty of

any negligence in the premises and that the injuries of deceased were caused by his own contributory negligence; but while there was strong evidence sustaining this contention, still there was some conflicting evidence on these points and we cannot say that the finding of the jury against the contention of appellant as against these matters was wholly unwarranted.

The point in the case which requires the most attention, and about the only one that need be discussed in detail, arises out of the contention of the appellant that the road in question was being constructed by one A. W. Wyman as an independent contractor under a contract with appellant by which Wyman was to have full control and direction of the construction of the road, and was to construct the same for a certain named sum of money; that the explosion was caused by Wyman; that if there was any negligence in handling the explosive it was the negligence of Wyman and his employes; and that therefore the appellant is not liable for the death of the deceased under the rule of *respondeat superior.* The evidence was quite clear and strong that the road was being constructed by Wyman as an independent contractor, but respondents contend that there was some evidence which should be considered as conflicting with appellant's evidence on this subject to such an extent as to have warranted the jury in finding that Wyman was not an independent contractor. It is not necessary, however, for us to pass upon this question, for even if the jury had found that the road was being constructed by Wyman as an independent contractor, still they would have been authorized to find appellant liable, under certain instructions of the court which were erroneous. These instructions occur in several forms, but the point is sufficiently presented in instructions numbers XXV and XXVII. Instruction XXV as asked by appellant is as follows: "I instruct you as a matter of law that where work is contracted to be done by an independent contractor the owner or employer retaining or exercising no management or control over the doing of the work, then the employer is not liable for injuries or death resulting from the negligence of the contractor." The court refused to give this instruction as asked, but of its own motion gave it with the following addition: "But this rule, however, is subject to some very important exceptions, among which are the following: If the performance of the work will

necessarily bring wrongful consequences to pass unless guarded against, the law will hold the employer answerable for negligence in the performance of the work. If the work contracted for is of such a character that it is intrinsically dangerous or will probably result in injury to a third person, the one directing to have it done is liable for such injury, although the injury may be avoided if the contractor take proper precaution." Instruction No. XXVII as asked by appellant is as follows: "I further instruct you that if you find from the evidence that said Herbert E. Houghton was killed by a blast exploded in the course of construction of the road referred to in the complaint and that such blasting was done by a person or persons hired or employed by A. W. Wyman, and that the said A. W. Wyman was engaged in the construction of said road for the Loma Prieta Lumber Company, under an agreement or contract to construct said road for a specific sum of money, and that in and by such contract the right of selection or control of the persons employed by said A. W. Wyman was not reserved by the Loma Prieta Lumber Company, then said Loma Prieta Lumber Company would not be liable for the death of said Herbert E. Houghton, even though you should find that the persons who did the blasting which resulted in the death of the said Houghton, did said blasting in a negligent manner." The court refused to give the instruction as asked, but gave it with the following amendment made by the court of its own motion: "Unless you believe from the evidence that the work contracted to be done would necessarily bring wrongful consequences to pass unless guarded against or unless you believe that the work contracted to be done was of such a character that it was intrinsically dangerous and would probably result in injury to a third person."

By these instructions the jury were told that, in this case, they might apply the doctrine that although the work was being done by an independent contractor, still the appellant was liable for any injury caused thereby if the work being done would necessarily produce the wrongful consequences without reference to the negligent acts by the independent contractor, or was intrinsically dangerous and constituted *ipso facto* a nuisance, but the evidence and the facts in the case did not warrant such instruction. The road was being

constructed on land owned by one George Olive through a
wild, mountainous, uninhabited, and practically untraveled
region. It was called the Spignet Gulch road. The nearest
house was about one half mile away from the point of explo-
sion. Near a part of the course of the road there was an
old trail about one half or three quarters of a mile long, made
many years ago by said Olive, for the hauling of wood upon
a one horse sled. It had not been used for that purpose for
many years and in places was so obstructed by brush and
undergrowth that it could scarcely be traveled by pedestrians.
There was a place somewhere in that general region of the
country called Olive Springs, which was in the summer months
visited to some extent by campers; but it does not appear that
even in those months any considerable number of those camp-
ers traveled this trail. At the time of the explosion in the
month of February, it was practically unused. James Olive,
a witness for the plaintiff, testified as follows: "When this
Spignet Gulch road was being built there were no campers
there. There were no guests at the Springs at that time.
There were no campers in January or February, 1901."
George Olive, one of the witnesses for the plaintiff, testified
substantially to the same thing; speaking of this trail, he said:
"It was almost impassable in February, 1901. . . . In build-
ing the wagon road up to the Spignet Gulch, they even had
to brush out the sled road. In February, 1901, it was impass-
able for a man. Part of the time it was pretty well grown
up with brush. The purpose for which that sled road was
built was for getting out wood, etc., on a sled. It was what
is called a 'gulching road.' It got all covered with brush
because it was not used. A lot of brush grew over it. It was
never a thoroughfare." Oscar Chase, another witness for
plaintiff, said of this trail: "We had to crawl through the
brush over part of it. There was considerable of it was brush.
The trail was very little frequented so that it was all growed
over." Apart from this old trail, in the condition above de-
scribed, there was in the vicinity of the road that was being
built no thoroughfare or traveled road near enough to be
affected by an explosion, and no residences or people engaged
in work or business of any kind. It is difficult to imagine a
more isolated place, or one at which an ordinary blast would
be less likely to cause any injury to person or property. Under

these circumstances it would be a rare thing for a blast there
to do injury to anyone even if carelessly exploded and without
any warning; and yet the jury were told they might hold the
defendant liable for injury caused by the blowing out of a
stump at such a place, even though the work was being done
by an independent contractor. We are satisfied that this view
of the case was erroneous; that there was no warrant for the
jury finding that the work was done by Wyman as an inde-
pendent contractor and still finding that the appellant was
liable; and for this reason the judgment and order must be
reversed.

Counsel on both sides have cited many authorities touching
the question above determined, but we do not deem it necessary
to minutely examine and discuss these authorities. The weight
of authority seems to be that blasting, without reference to
the particular locality in which it is carried on, is not so in-
trinsically dangerous as to be *ipso facto* a nuisance so that
the blaster would be liable for the injury caused by it whether
or not he was guilty of any negligence in the manner in which
the blasting was done; but that the question of his liability
would depend upon whether or not he was guilty of any
negligence. (See *French* v. *Vix*, 21 N. Y. Supp. 1016, 2 Misc.
Rep. 312, and the many cases there cited.) In the said case
of *French* v. *Vix* it is said: "The later decisions all tend to
hold that blasting is not dangerous in itself, and we think
that view is now firmly established by the courts of this state."
Quotation is made from *Herrington* v. *Village of Lansing-
burgh*, 110 N. Y. 145, [6 Am. St. Rep. 348, 17 N. E. 728], in
which case the court say: "If there was any culpable negli-
gence which caused the injury to plaintiff, it was that of the
contractors. They had entire control of the work and the
manner of its performance. They could choose their own time
for firing the blast, and select their own agents and instru-
mentalities. They could make the charges of powder large
or small, and they could in some degree smother the blasts,
so as to prevent falling rocks and much of the noise of explo-
sion, or they could carelessly omit all precautions, and for the
consequences of their negligence they alone would be respon-
sible. If it were a prudent thing to notify persons in the
vicinity of the blast before it was fired, then the contractors
should have given notice, but the duty to give it did not

devolve upon the village.'' It is not necessary, however, in the case at bar, to discuss the question whether blasting in the heart of a city or in a thickly populated place in close proximity to buildings and traveled streets and highways, is so necessarily dangerous that one could not be relieved from injurious consequences by giving the work to an independent contractor. In considering questions similar to the one here under discussion, this court has recognized the distinction between acts done in secluded places, and acts done in thickly populated places. In *Kleebauer* v. *Western Fuse Co.*, 138 Cal. 497, [94 Am. St. Rep. 62, 71 Pac. 617], where the action was for damages caused by the explosion of powder stored by the defendant, the court said, we quote from the syllabus which correctly states the decision, as follows: ''The storage of gunpowder in a powder magazine for use in the manufacture of fuses, in a place properly selected, is not a nuisance *per se;* and in an action for damages for explosion of the gunpowder so stored by defendant, where no negligence was shown, it was error to give an instruction to the jury making no distinction between the use and manufacture of powder, nor any exception to the rule where a secluded situation was selected, and others were afterwards attracted to the locality, and making the defendant liable, notwithstanding the exercise of the greatest care and notwithstanding the explosion and damage were caused by the unlawful act of a third person entirely beyond the control of defendant. In such a case the defendant is not responsible.'' And, of course, where liability depends upon negligence, the independent contractor is liable for the negligence, and not the party who lets the contract. To hold that a party cannot contract with an independent contractor to construct a wagon road through an uninhabited and substantially untraveled, wild, mountainous region, without being liable for injury that possibly might happen to some one by blowing out a stump on the course of the road, would be substantially to hold that in no case where there is an independent contractor can the letter of the contract escape the rule of *respondeat superior*. In the case at bar the chance of injury from the blasting of a stump, even when done without notice, was most remote and the failure to give notice, if there was such failure, was the negligence of the independent contractor and not of the appellant.

There is nothing in the contention of respondents that appellant was a trespasser on the land on which the road was to be built; it abundantly appears in the evidence that the road was constructed with the knowledge and consent of the owner of the land, and that he was paid by appellant for the privilege of constructing it.

Quite a number of other points are made by appellant, but we do not deem it necessary to notice them in detail. Most of them are unimportant, and others may not arise upon a new trial.

In Harriet E. Houghton et al., plaintiffs and respondents, *v.* The Loma Prieta Lumber Company (a corporation), defendant and appellant, S. F. No. 3837, the judgment appealed from is reversed; and in Harriet E. Houghton et al., plaintiffs and respondents, *v.* The Loma Prieta Lumber Company (a corporation), defendant and appellant, S. F. No. 3920, the order denying a new trial is reversed.

Shaw, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.