FEINBERG, Respondent, v. WISCONSIN GRANITE COMPANY, Appellant.

(224 N. W. 184.)

(File No. 6326. Opinion filed March 16, 1929.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Lynch & Doyle,* of Sioux Falls, for Respondent.

BROWN, J. To the complaint in this case appellant demurred on the ground that it did not state facts sufficient to constitute a cause of action, and from an order overruling the demurrer it appeals. The complaint alleged, in substance, that plaintiff is the owner of three lots in the city of Sioux Falls on which are situated residences and store buildings; that defendant operated a stone quarry within the city limits at a short distance north of plaintiff's property; and that in conducting operations in the quarry appellant loosens the rock with high-power explosives, and that in so doing, by concussion through the air and vibrations through the ground, it has caused the foundation, floors, interior finish, walls, chimney, ceiling, porch and cistern, and the cement and stone outercovering of the buildings to crack and break, to plaintiff's damage in the sum of $6,000. The complaint contains no allegation of negligence or of want of skill or care in the blasting operations, and appellant contends that, in the absence of negligence, there is no liability on its part for any consequential damages, however extensive, that may result from the concussion or vibration caused by it in the lawful pursuit of its business. The contention of appellant finds support in the decisions of some courts. Gibson v. Womack, 218 Ky. 626, 291 S. W. 1021, 51 A. L. R. 773; Booth v. Rome, W. & O. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552. Appellant says that in the Booth Case the Court of Appeals of New York, laying down the rule contended for by appellant, reverses many prior decisions of the courts of New York state, but even this decision recognizes that it has been held that the working of quarries by the use of blasting, to the injury of

property in the vicinity, gives a right of action, citing Tiffin v. McCormack, 34 Ohio St. 638, 32 Am. Rep. 408; Scott v. Bay, 3 Md. 431.

In 25 C. J. 192, § 18, it is said:

"One lawfully engaged in blasting operations is, according to the weight of authority, liable without regard to the question of whether or not he has been negligent, where by his acts in casting rocks or other debris upon adjoining or neighboring premises or highways he causes direct injury to property or persons thereon. He is also, under the rule more generally adopted, liable for consequential injuries, occasioned by concussion or vibration, to property or persons."

Practically all cases hold that one lawfully engaged in blasting operations on his own premises is liable, without regard to negligence, where the blasting causes injury to neighboring premises by casting rock or other debris thereon; and, notwithstanding the fact that a distinction has been attempted to be drawn by some courts between injury so caused and that resulting from concussion or vibration, we are unable to grasp any distinction in principle. And in practical effect it does not seem reasonable to us to say that the owner of a brick building, who has a window crashed in by a flying rock from a blasting operation, has a right to recover for the damage done to the window, while, if the blast caused a vibration or concussion that caused the whole building to collapse, involving the crash of the same window, he would have no right to recover for any of the damage sustained. We think the more reasonable rule is that announced in Watson v. Mississippi River Power Co., 147 Iowa, 23, 156 N. W. 188, L. R. A. 1916D, 101, where the question of liability, in the absence of negligence in such cases, was carefully considered, and the divergent holdings of different courts in regard thereto extensively discussed. The conclusion arrived at was that one lawfully excavating rock on his own premises by means of blasting was liable for injury caused by concussion or vibration to adpoining property, although no rock or other debris should be cast upon such property by the explosion.

In the present case, it is urged that appellant has invested in its business approximately $200,000; that it is an extensive employer of labor, and has a large pay roll; and that the progress of the community ought not to be halted by imposing liability for con-

sequential damages resulting from the lawful conduct of its operations, in the absence of negligence. The same considerations were urged upon the court in the Watson Case, supra, and in answer thereto the court said that, "important as it may be that business progress and that development shall not be fettered by over-technical interpretation of the laws affecting them, it is, to say the least, of equal importance that the courts maintain unimpaired all our constitutional and legal guaranties of personal and property rights. The individual citizen may be deprived of his home or other property by the proper exercise of the power of eminent domain; but it ought not to be said that it can be lawfully destroyed without compensation in the interest of a mere business enterprise, simply because such enterprise is of great magnitude and general public interest."

The order overruling the demurrer is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.