[Civ. No. 5655. Second Appellate District, Division One.—March 18, 1930.]

MAUDE L. McKENNA, Respondent, v. PACIFIC ELEC-TRIC RAILWAY COMPANY (a Corporation) et al., Defendants; TWOHY BROS. COMPANY (a Corporation), Appellant.

E. E. Morris for Appellant.

Meserve, Mumper, Hughes & Robertson, Meserve & Meserve, W. W. Orme and Timon E. Owens for Respondent.

CRAIG (ELLIOT), J., *pro tem.*—This is an appeal by Twohy Bros. Company, a corporation, one of the defendants, from the judgment for damages in the sum of $1979 in favor of respondent and against appellant.

The case grew out of the following facts. The Pacific Electric Railway Company owned a certain strip of land in the city of Los Angeles, running in a generally northwesterly direction from its station near Fourth and Hill Streets to First Street and Glendale Boulevard, a distance of nearly one mile. Said company entered into a contract with appellant Twohy Bros. Company for the construction along said strip of a tunnel or subway for electric railway use. Respondent owned a lot with house thereon at Fourth and Boylston Streets, about seventeen feet from the west line of this tunnel (projected to the surface). The interior diameter of the completed tunnel is approximately twenty feet and for a distance of not less than 600 feet each way from the junction of Fourth and Boylston Streets the tunnel is seventy feet or more below the surface of the ground. The appellant in boring the tunnel used dynamite, and from the explosions the respondent's property was damaged by the shaking of the ground and building or by concussion or both.

The action was dismissed by plaintiff as to the defendant Pacific Electric Railway Company at the commencement of the trial. The judgment was that plaintiff take nothing against defendant W. R. Fontaine (superintendent of construction on the tunnel for appellant) and that she recover damages from appellant.

Appellant concedes that the property of respondent was damaged and raises no question as to the sufficiency of the evidence to sustain the finding as to the amount of damages. However, appellant does earnestly present its points of law upon its contention that there is no liability whatsoever from appellant to respondent.

Appellant, at the commencement of the trial, objected to the introduction of any evidence in the case upon the ground that "the complaint does not state a cause of action in that it fails to allege any negligence upon the part of defendants, or either of them, and that in the absence of that, no evidence is admissible because we are not liable for blasting unless it is negligently done." The objection was overruled. At the close of the case, appellant moved "for judgment for the defendant upon the ground that the complaint does not state a cause of action in that it fails to allege any negligence." This motion was denied by the court.

Appellant states its point on appeal as follows: "The evidence on the part of the respondent follows the allegations of the complaint, as does also the findings of fact. Our appeal is based on the error of the court in overruling the objections to the introduction of any evidence and in denying appellant's motion for judgment made at the close of the case, and in holding the doctrine of *res ipsa loquitur* applicable and placing the burden on appellant to show that it was not negligent. The complaint in no way or manner alleges that the blasting was negligently done and respondent offered no evidence of any negligence, and the record is devoid of anything to show negligence in the manner of blasting unless the mere fact of injury proves negligence."

The complaint alleges that the defendants in building the tunnel continually set off blasts sufficiently severe to shake the surrounding country, including the lot on which plaintiff's house and other improvements stood "as with a severe

earthquake"; that Twohy Bros. Company and Fontaine continually set off very heavy blasts along the line of said tunnel during both the daytime and the night-time; that said blasting continued at all hours of the day and night for several months; that many times plaintiff's building was shaken by said blasting as though with a heavy and violent earthquake, whereby her property was damaged as set forth in the complaint.

The principal California case relied upon by appellant is *Houghton* v. *Loma Prieta Lumber Co.*, 152 Cal. 500 [14 Ann. Cas. 1159, 14 L. R. A. (N. S.) 913, 93 Pac. 82]. The blasting complained of in that case was done in an uninhabited region, where the defendant, as an independent contractor, was engaged in constructing a wagon road, and a stump, which stood in the course of the projected road, was exploded by blasting with dynamite, whereby the deceased lost his life by being struck with a stone while passing by. We do not consider that case in point under the facts of the present case. .

The principal California cases upon which respondent relies are: *Colton* v. *Onderdonk,* 69 Cal. 155 [58 Am. Rep. 556, 10 Pac. 395, 397] , *Munro* v. *Pacific Coast etc. Co.,* 84 Cal. 515 [18 Am. St. Rep. 248, 24 Pac. 303], and *Green* v. *General Petroleum Corp.,* 205 Cal. 328 [60 A. L. R. 475, 270 Pac. 952].

In the case of *Colton* v. *Onderdonk, supra,* the facts show that the defendant used quantities of gunpowder to blast out rocks upon his own lot, contiguous to another person's property situated in a large city, and the court said "this must be taken as an unreasonable, unusual and unnatural use of his own property, which no care or skill in so doing can excuse him from being responsible to the plaintiff for the damage he actually did to her dwelling-house as the natural and proximate result of his blasting. For an act which in many cases is in itself lawful becomes unlawful when by it damage has accrued to the property of another. And it would make no material difference whether that damage, resulting proximately and naturally from the act of blasting by the defendant, was caused by rocks thrown against Mrs. Colton's dwelling-house or a concussion of the air around it, which had either damaged or destroyed it."

*Munro* v. *Pacific Coast etc. Co., supra,* is an action brought to recover damages for death caused by the negligent explosion by defendant of a blast in the city of San Francisco, whereby plaintiff's intestate was killed. The complaint therein set forth a careless and negligent explosion of the blast. However, the Supreme Court did say in that case, "We perceive no error" in the following instruction: " 'It is no defense or answer to an action of this character that the defendant, in exploding the blast in question, used and employed skillful and experienced men, and in everything appertaining to blasting it used and exercised the highest degree of care; and I charge you that defendant is liable for damages for the death of said Michael Stanton if you find that his death resulted from the firing of the blast in question, even if it used the highest and utmost care and skill in firing and exploding it.' The evidence shows clearly that this blast was exploded in a thickly settled portion of the city. We are of the opinion that no degree of care will excuse a person, where death was caused by such explosion. from responsibility for it."

Since the filing of the briefs in the case before us the Supreme Court of this state has given its decision in *Green* v. *General Petroleum Corp., supra.* In that case plaintiffs owned certain improved real property in a residence district outside the city of Long Beach, which they occupied as a residence; defendant had leased the adjoining land and was engaged in drilling a well for the discovery and production of oil; while bailing out the water for the purpose of testing the cement job for shut off of water, the well erupted, blowing off the control valves and wrecking the derrick. A stream of oil, gas, mud and rocks shot into the air and upon plaintiffs' property, which was located about 200 feet from the well. This mixture continued to pour forth for about twenty-four hours and caused the damage complained of. The complaint contained two causes of action, one based upon liability without negligence due to trespass on plaintiffs' property, the other based upon negligence on the part of the defendant in performing the drilling operations. The trial court expressly found that the defendant had used and exercised ordinary care in the drilling of the well and was not guilty of negligence in any particular. The court said that the evidence amply supported this finding. Judg-

ment was in favor of the plaintiffs on the first cause of action and the appeal presented to the Supreme Court for its determination the question whether or not, under the existing circumstances of injury without negligence, appellant was liable for the damage suffered by respondents. The Supreme Court therein said: "It ought to be, and we are of the opinion that it is the rule that, where an injury arises out of, or is caused directly and proximately by the contemplated act or thing in question, without the interposition of any external or independent agency which was not or could not be foreseen, there is an absolute liability for the consequential damage, regardless of any element of negligence either in the doing of the act or in the construction, use or maintenance of the object or instrumentality that may have caused the injury."

"In general, if a voluntary act, lawful in itself may naturally result in the injury of another, or the violation of his legal rights, the actor must at his peril see to it that such injury or such violation does not follow, or he must expect to respond in damages therefor; and this is true regardless of the motive or the degree of care with which the act is performed." (*G. B. & L. R. Co.* v. *Eagles,* 9 Colo. 544, 546 [13 Pac. 696, 697].)

In the recent case of *Feinberg* v. *Wisconsin Granite Co.,* (S. D.) 224 N. W. 184, decided by the Supreme Court of South Dakota on March 16, 1929, the complaint alleging that defendant stone quarry operator, in loosening rocks with high power explosives, caused injuries to plaintiff's building near quarry by concussions through the air and vibrations through the ground, without allowing negligence or want of skill or care in blasting operations, was held to state a cause of action.

We see no reason for differentiating between responsibility for damage done by physical projectiles or missiles and responsibility for damage done by vibration or concussion.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.