Sarah A. Charlock, Respondent, *v.* Edward. Freel, Appellant.

A municipal corporation is not liable for injuries sustained by third persons occasioned by the negligence of those employed by one who has contracted to do work for the corporation, where it has no control over the manner of performance of the work.

Although a provision in a contract with a municipality for the doing of a work of public improvement which authorizes it to vary, extend or diminish the quantity of work done may not be obligatory upon the contractor as to work not related to or in connection with the principal plan of the agreement, but which has relation to the principal undertaking, if the contractor undertakes such work at the request of the municipal authorities, the contract is thereby extended so as to include it, and as to it the contract relations are continued with all the obligations and responsibilities it imposes, expressly or by legal implication.

In an action brought to recover damages alleged to have been sustained by plaintiff through the negligence of defendant, it appeared that the latter had contracted with the city of Brooklyn to construct a sewer in a certain street. After the sewer had been put in, and before the repaving of the street, which was included in the contract, the defendant was directed to raise the grade of the street at its intersection with another street, which his employes did in such a careless manner that the plaintiff sustained injury thereby. The contract reserved the right to the city to "vary, extend or diminish the quantity of work during its progress," and also provided that its engineer should "fix the price to be paid for all work that may be necessary to be done that is not included in the contract." The defense was that defendant was not acting as an independent contractor, but as the agent of the city, which was liable. *Held*, untenable; that the defendant, and not the city, had control of the construction of the work, and was responsible for the acts of the workmen· that while the raising of the street grade at the intersection of the other street was not strictly within the principal plan of his agreement, it was cognate in its nature to the principal undertaking, and defendant having undertaking it, the contract was to be deemed extended so as to include it.

*It seems* the rule would be the same if the particular work had not been comprehended in the provisions of the contract, as the city had nothing to do with the manner of its performance, and had no control over the workmen engaged in it.

Reported below, 50 Hun, 395.

(Argued December 19, 1890; decided January 13, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made at the September term, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wm. C. De Witt* for appellant. The work from the performance of which the injury to the plaintiff occurred, was, in authority, conduct and completion, wholly the business of the city, in respect to which the defendant acted, not as an independent contractor, but as a servant or agent governed by instructions and directions from the municipal officers; and under the well-established doctrine of *respondeat superior*, the city, and not the defendant, is responsible for any damage flowing from a feature of such work plainly designed, authorized and constructed by its officers. (*Cunningham* v. *Wright*, 28 Hun, 178; *Mayor, etc.,* v. *Cunliff*, 2 N. Y. 165; *Calvin* v. *Holbrook*, Id. 126; *Denny* v. *M. Co.*, 5 Den. 639; 2 id. 115; *Lockwood* v. *Mayor, etc.*, 2 Hilt. 66; *Mayor, etc.*, v. *Bailey*, 2 Den. 433; *Dillon* v. *S. A. R. R. Co.*, 16 J. & S. 283; *Phinney* v. *Phinney*, 17 How. Pr. 197; *City of Buffalo* v. *Hallaway*, 7 N. Y. 493.)

*Chas. J. Patterson* for respondent. A contractor who excavates in a public street for the purpose of constructing a public work is obliged to use reasonable precautions for the security of the people using the highway. He must erect barriers or place lights, as occasion requires, and one who is injured by the neglect of these precautions may recover damages of such contractor. (1 Thompson on Neg. 363; *Blass* v. *Schwab*, 48 Barb. 343; *Kelly* v. *Mayor, etc.*, 11 N. Y. 432; *Pack* v. *Mayor, etc.*, 8 id. 221; *Blake* v. *Ferris*, 5 id. 48; *Mais* v. *M. Assn.*, 89 id. 498.) The charge of the court completely covered the law of the case, and he had the right to refuse further instructions. (*Moody* v. *Osgood*, 54 N. Y. 488.)

GRAY, J.    This is an action to recover damages of the defendant for personal injuries sustained by the plaintiff.    In walking along a sidewalk of a street of the city of Brooklyn, she stepped into a hole, which had been left near the curb by some workmen employed under the defendant.    He contested his liability for the occurrence on several grounds, but was unsuccessful, and the jury returned a verdict for damages against him.    Upon this appeal, the only question we feel called upon to review grows out of the defendant's claim that, in the performance of the particular work, in the course of which the injury was made possible, he was not acting as an independent contractor, but as a mere servant or agent of the city, and that it, and not he, was legally responsible for any damages.    The defendant's contract was with the city, and it called for the construction of a sewer in certain streets.    The sewer had been put in, but, before the repaving of the street was done by the contractor, he was directed to raise the grade of the street at a certain intersection with another street.    He undertook to do this and, after raising the curbstones, left the adjoining portions of the sidewalk flagging disarranged.    The sidewalk being in this condition of disorder and being lower than the grade of the street, a storm occurred and water collected in the spot left open by the removal of the flagstones. The workmen dug away the earth, so as to permit the water to escape through the curb into the sewer basin.    This caused a hole, into which, being left unguarded, a day or two afterwards, during the night, the plaintiff fell.    As the workmen were employed by the defendant, he was responsible for the injury which occurred to plaintiff through the carelessness with which that part of the work was done, and the neglect to take reasonable precaution against possible accidents.    He was not in the employment, or under the direction of the municipal authorities in any such sense as to exempt him from a liability for the consequences of his negligent or unskilful acts, or of those of his employes.    It is true that the contract primarily or principally related to the building of a sewer in the street, but by one of its provisions the power was reserved

" to vary, extend or diminish the quantity of work during its progress," and it was therein provided that " the engineer shall also fix the price to be paid for all work that may be necessary to be done that is not included in the contract." This provision may not have been obligatory upon the contractor as to work not related to, or in connection with, the principal plan of his agreement, but when, at the request of the chief engineer of the city, he undertook the work of raising the street grade, the contract was thereby extended so as to include it. Coming between the completion of the sewer and the repaving of the street, and being designed to make the drainage better, it was work which was cognate in its nature to the principal undertaking, and the effect of its assumption was to continue the contract relations between the parties, with all the obligations and responsibilities that contract imposed, expressly or by legal implication.

Nor could it, in my opinion, affect the question of the defendant's liability, if the department, or city engineer, had ordered him to do this particular work, and it could not be deemed to be comprehended within any of the provisions of his contract. The contractor assumed its performance and was doing it with workmen employed by him. The direction of the city officers had nothing to do with the manner of the performance, and there was no interference with the workmen engaged under the defendant in the detail work.

In *Vogel* v. *Mayor, etc.* (92 N. Y. 18), EARL, J., said, referring to the cases of *Kelly* v. *Mayor, etc.*, (11 N. Y. 432) and *Pack* v. *Mayor, etc.*, (8 id. 222): " The doctrine was again announced that, to make the city liable, it must have the power to direct and control the manner of performing the very work in which the carelessness occurred."

The principle of liability for such an occurrence as we have in this case is, that the defendant, and not the city, was the master of the workmen. He had the control of the execution of the work which he had been directed to perform. A duty rested upon him, therefore, to use such precautions in doing the work as to make it reasonably safe against the possibility of accidents to

the traveling public.   For the consequences of a neglect, such as was testified to here, he became responsible.   Upon the evidence, we must accept the verdict as conclusively establishing the negligence of the defendant's workmen and the plaintiff's own freedom from fault, and as, for the reasons we have mentioned, the defendant was not divested of liability for the carelessness of his men, the judgments below were right and should be affirmed, with costs.

All concur.

Judgment affirmed.