McAdam, J.
Sic utere tuo ut alienum non Jaedas, the maxim which expresses the only restriction which-the law places upon the ownership of property, is invoked by the plaintiff, and is made applicable by the allegation that the rock on which plaintiff’s house rests extends a considerable depth below the surface and forms part of a stratum of rock extending over the adjoining lots, and is one and the same mass of rocks .blasted,by the defendants, and by the further allegation that it is impossible to remove said rock immediately adjoining said plaintiff’s *484 premises, even with the greatest care, without causing damage to plaintiff’s premises.
The demurrer admits the truth of this allegation, which must therefore be accepted as an established, fact to which the law is to be applied. It is settled, that if work authorized by an owner will necessarily produce an injury tó a neighbor, he cannot, by contract with another, free himself from the consequences of the act (61 N. Y. 178 ; 31 State Rep. 278). In other-words, where the very act itself is wrongful as against the plaintiff, the defendant cannot shield himself against the consequences by making a contract with another to do the wrong for him. In such cases no question of negligence is involved (47 N. Y. Super. Ct. 264; 17 N. Y. 104; 18 Id. 79; 59 Hun, 593).
The owner relies upon the doctrine of respondeatsuperior, which may apply to the facts as the defendants claim them to be, but to make the principle applicable, the defendants should withdraw their admission and deny the facts which -make the other rule controlling. Where an owner contracts with another to do a lawful act, in a lawful manner, he is of course not answerable to a stranger for the manner in which the independent contractor or his servants do the work, but the peculiar facts alleged take the case out of this rule. Demurrers constitute a dangerous form of admission (Moak's Van Santvoord’s Pl. 3d ed. 778), for it is difficult to make a legal argument contrary to the facts admitted. Nothing herein is to be construed as holding that blasting may not be lawfully carriéd on in a city when it can be done, as it ordinarily is, without serious injury to adjoining property. The decision is based on the special facts alleged and admitted.
It follows, that the plaintiff is entitled to interlocutory judgment on the demurrer, with leave to the defendants to withdraw the same and answer-over on payment within ten days of $20 costs, the trial fee of an issue of law.