McAdam, J.
The action was to recover $20,000 for personal injuries to the plaintiff by reason of alleged wrongful and negligent acts of the defendants.
It appears that on June 12, 1889, the plaintiff while passing up on the southerly side of Liberty street, in this city, on her way from the ferry of the Hew Jersey Central railroad at the foot of that street, struck her left knee against a barrel “ or something of that kind,” and fell over it.
The barrel had no head on it and was placed in an open, coal hole in the sidewalk, and anchored firmly in position by placing a stick entirely across the top of the barrel, to which was attached a rope running down and fastened below by heavy weights. The property belonged to the defendant Bolting, is situated at the southeasterly corner of Liberty and Washington streets, and known by the street number 186 and 186-J- Liberty street. The cellar of the building became filthy and was declared a nuisance by the board of health, which body directed Bolting, as the owner of the premises, to put in a water-proof cellar.
Bolting thereupon made a contract with the Moen’s Asphaltic Cement Company to carry out the order of the health boai’d.
The job was commenced May 4. 1889, and was completed June 25, 1889, thirteen days after the accident happened.
The performance of the work required the excavation, of the *244 cellar and vault bottoms, so as to permit a new concrete bottom sixteen inches thick, the removal of partitions, and a quantity of debris; also the introduction of building material, bricks, sand, cement for concrete work,' and asphalt liquified by heat for laying the brick work which was to exclude the water which pressed into the cellar by the rising tides. This in turn involved the use of furnaces, boilers, etc., for heating the asphalt, the smoke and fumes from which are of a character that cannot be endured in closely confined apartments. Ventilation was, therefore, required not only for the safety of the workmen, but for the successful application of the cement.
The company made temporary use of the coal holes for the purposes of ventilation and introduction of building material while performing their contract, taking the precaution of endeavoring to secure the public from danger by introducing empty but heavy cement barrels in the opening extending up sufficiently high to give warning to pedestrians and prevent them from falling in. The plaintiff struck her left knee against one of the barrels, fell and sustained injuries of so serious a character that after much pain and suffering, amputation of the left leg just above the knee, being found necessary, was performed to save life. The plaintiff brought the action against the owners and contractors, jointly charging them with responsibility for the injury on the allegation that “ they wrongfully and negligently removed the covering from the coal hole * * * and wrongfully suffered and permitted the said coal hole to remain open, and wrongfully ana negligently placed a tub, keg or barrel, or something resembling a barrel in the said coal hole, the same standing or protruding a short distance above the sidewalk, and there wrongfully and negligently kept and maintained the same.” The answer of the cement company was substantially a general denial, while the defendant Bolting (the owner) pleaded in addition thereto the contractural relations existing between him and the cement company whereby it agreed to do all the work required, not as the servant of the owner, but as an independent contractor, without any supervision, care, charge or control on the part of the owner. The jury rendered a verdict against all the defendants for $17,500 damages. Without considering the arguments urged against the amount of the verdict, which for the present purposes, may be assumed to be proper, we are confronted by legal objections of a serious character which strike at the plaintiff’s right to any recovery on the proofs offered, in the form in which they went to the jury for determination.
While it is undoubtedly true as a rule, that the public are entitled to an unobstructed passage upon the streets, including the sidewalks of the city, and that any person, by unlawfully placing obstructions thereon may make himself liable as for creating or maintaining a nuisance, it is also true, that any temporary use of a highway'or street, that is rendered absolutely necessary from the necessities of trade, commerce, or the erection of buildings, that does not unnecessarily or unreasonably obstruct the same, is lawful and not the foundation of*such an action. Wood on ¡Nuis *245 ance, § 258; Commonwealth v. Passmore, 1 Serge. & Rawle, 219 ; People v. Cunningham, 1 Den., 524; People v. Horton, 34 N. Y., 610 ; Welsh v. Wilson, 101 id., 254; Callanan v. Gilman, 107 id., 360; 18 St. Rep., 397. The temporary use of coal holes, if required by the exigencies of trying situations, does not, if sufficiently guarded, constitute under all the circumstances a nuisance per se. To make it a nuisance in that sense, it is necessary to prove that the use was unusual, unnecessary or unreasonable, or that the manner of use was inherently dangerous, and that the rights and safety of the public had not been suficiently respected. See City v. Zimmerman, 95 Penn. St. R., 287.
The board of health had ordered the work to be done, and if the owner had not caused it to be done in the manner he did, the board of health could and probably would have had it performed at his expense. It was not work inherently dangerous if properly conducted- The acts to be performed were legal and not, therefore, within the special rule which holds that where work authorized by an owner will necessarily produce an injury to the public, he cannot, by contract with another, free himself from the consequences of the act. In other words, that where the very act is wrongful as against the plaintiff, the defendant cannot shield himself from the consequences by making a contract with another to do the wrong for him. Brennan v. Schreiner, 28 Abb. N. C., 481. The case more properly falls under the more familiar rule of respondeat superior, which lets the master in charge of the work assume all the responsibilities connected with it or the manner of doing it. The cement company was an independent contractor under this rule, and the principle is settled, that “ when the owner of land contracts with a builder to erect thereon a building according to certain plans and specifications, the latter to furnish all materials and labor, and to be answerable to the owner only for certain results, he will not be deemed the servant of the owner, although the work is to be done under the supervision of an architect selected by the owner.” Thompson on Keg., 909, 910.
The same learned author says : “ The rule is of especial force where the owner, in pursuance of such a contract, commits the entire care and control of the premises to the contractor. Here the owner will not be liable for an injury to a traveler in consequence of an excavation in the street being left unguarded.” Id., 910. Entire care and control were given to the contractor in this instance, and the owner had neither architect nor superintendent to exercise supervision and required the presence of neither.
There was nothing either in the terms of the contract, or in the work to be done, that made the owner liable for the consequences of the acts of the contractor, in placing or continuing the obstruction upon fiae sidewolk. Hexamer v. Webb, 101 N. Y., 377; Herrington v. Village, 110 id., 145 : 17 St. Rep., 92; Engel v. Eureka Club, 137 N. Y., 100; 50 St. Rep., 188; Ferguson v. Hubbell, 97 N. Y., 507; McCafferty v. R. R. Co., 61 id., 178; French v. Vix, 2 Misc., 312; Martin v. Tribune. 30 Hun, 391; Sulzbacker v. Dickie, 6 Daly, 471; Charlock v. Freel, 125 N. Y., 357; 34 St. Rep., 971.
*246 The supreme court of the United States in Robbins v. Oity, 4 Wall,-at p., 679, recognized the-distinction before suggested in these words, “ Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workman, the rule is that the employer is not liable; but where the obstruction or defect results directly from the acts which the1 contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party.” See also Water Co. v. Ware, 16 Wall, at p. 576; Goudier v. Cormack, 2 E. D. Smith, 254: Milford v. Holbrook, 9 Allen R., 21. The obstruction or defect complained of was clearly collateral to the work contracted for, and the case was thus brought within the rule laid down in the authorities cited, which exempts the owner from liability.
The most that can be said against the owner is that he expected the contractor might possibly use the coal hole for taking inmaterial. No injury resulted from any such cause, but from one entirely separate and distinct. The removal of the coal cover and the putting in of a barrel by the contractor was something with which the owner had nothing whatever to do. Those acts were performed without any direction from him, and they were not continued by any agency of his. The liability of an owner for injuries sustained by reason of the presence of coal holes on the sidewalk need not for the same reason be seriously considered, for the mere fact that coal holes were there was not the proximate or responsible cause of the injury of which the plaintiff complains.
The trial judge charged the jury that the owner “was bound to have his premises under such reasonable control that it would disclose whether anybody m7as attempting against his wishes to put a nuisance on the sidewalk.” The owner lived in Rock-land county, and was under no obligation to make visits to New York to protect his sidewalk against obstructions placed upon it by persons without his permission, nor was he obliged to employ agents either for that purpose or to prevent trespasses. Nor is the owner of real estate bound at his peril to stand by and see to it that a contractor whom he employs to do a lawful act, does not, for the convenience of himself or his employes, commit wrongful or negligent acts while performing their duty. In referring to the obligation of a landlord to whom the same rule has been applied, it has been judicially said, “ That can only be true on the theory that every owner of rented property in New York is bound to watch the sidewalks and protect them against unauthorized trespasses, and is bound to know when such a trespass is committed. We are aware of no case that goes so far as that.” Wolf v. Kilpatrick, 101 N. Y., 146, at p. 151; Balbage v. Powers, 130 id., 281; 41 St. Rep., 521. The trial judge, by this direction, imposed on the owner a stricter rule than the law required. No case fastening a legal liability on the owner as such, was made out, and the motion to dismiss the complaint as to him should have been granted. Pages 217, 218 of case, fols. 868 to 873. As to *247 the contractors, different questions arise. They did the very acts of which the plaintiff complains, and if they were done wrongfully and negligently as she charges, or if they were performed without proper regard to the rights of the public on the sidewalk, they may have incurred a liability.
Upon this point the trial judge charged the jury : “In such an action as the present, the plaintiff is only bound to prove the existence of the obstruction upon the sidewalk, that the defendants are responsible for its being there, and that she was injured thereby. * * * It is not necessary for the plaintiff to prove negligence.” The court made this charge upon the theory that the obstruction was a nuisance per se} without regard to the peculiar circumstances under which it was placed there, nor the exigencies which gave rise to its being there, nor the length of time the obstruction continued, all of which were elements which should have gone to the jury as questions of fact to be determined by them before that conclusion could be reached as one of law. Certain qualifications were made in the charge, but not sufficient to free it from error. The complaint states a cause of action arising purely from acts of negligence, not from the erection or maintenance of a nuisance, and a recovery under such a plea cannot always be sustained on the theory that the proof showed a different ground of liability in this case, nuisance, Martin v. Pettit, 117 N. Y., 118 ; 26 St. Rep., 919 ; Reed v. McConnell, 133 N. Y., 425, 434; 45 St. Rep., 227; Romeyn v. Sickles, 108 N. Y., 650; 13 St. Rep., 864; Southwick v. Bank, 84 N. Y., 420, 428; Woolsey v. Trustees, 69 Hun, 489, 494; 52 St. Rep., 720.
There was testimony given at the trial by several witnesses familiar with such matters that the method of protecting coal holes adopted by the cement company while doing tire work has always been found safe, and that this was the first accident ever heard of where a barrel has been used in this way.
This evidence was material on the subject of exercise of proper care, but was rendered nugatory by the charge “ that it was not necessary to prove negligence,” for if the contractors were liable independently of the presence of care or absence of it, then this testimony could have exercised no influence whatever upon the jury, who were in effect told that they might disregard it.
The testimony of these witnesses, with proof of the peculiar circumstances, the exigencies of the occasion, the length of time the obstruction continued, and the like, were, in our judgment, elements going to show that the obstruction was not a nuisance per se, but a use of the sidewalk by necessity, for the purpose of complying with a a lawful order of a board created by legislative enactment, and were proper subjects for consideration by the jury to aid in determining whether the use was a proper one, or whether it was what the court, in advance of such determination, assumed it to be, to wit: an unauthorized interference amounting in law to a nuisance. The requirements of trade, commerce and of building have to be recognized, and public rights must sometimes yield to temporary inconvenience arising from them (see Booth v. *248 R. R. Co., 140 N. Y., 276; 55 St. Rep., 656), as a pedestrian must when the thoroughfare is crowded by other pedestrians who have equal rights thereon with himself. In determining whether excavations on the sidewalk, bridges over the walk, derricks placed on the walk or-overhanging it, obstructions made necessary by building operations, skids over the walk and carts backed thereon for the loading and unloading of merchandize to and from warehouses, are nuisances, all the concomitants must be considered as characterizing, explaining and perhaps justifying or excusing the act.
When the matter is regulated by ordinance and a permit is required to justify a permanent or even a temporary interference with the highway, these matters are proper subjects for investigation and proof. In the present instance, the lines of liability were too tightly drawn-and more rigid obligations enforced against the defendants than the law justifies.
The view stated renders it unnecessary to consider the other exceptions taken. For the reasons already expressed, the judgment and order appealed from must be reversed, as to all the defendants, with costs to appellants to abide the event, and a new trial ordered.
Freedman, P. J.yand Gtldersleeve, J., concur.