(37 Misc. Rep. 727.)

### DE CARVAJAL v. YOUNG MEN'S CHRISTIAN ASS'N OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. April, 1902.)

1. BLASTING IN CITY—RIGHTS OF ADJOINING LOT OWNERS.

   Where adjoining lots in a city are situated on the same stratum of rock, either owner can do necessary blasting on his premises by the usual means, and neither obtains any right over the other by being the first so to do.

2. SAME.

   An owner of a building alleged that it was endangered by blasting on an adjoining lot. Defendants alleged that the blasting was being carefully done, and had not damaged adjacent buildings under similar conditions. There was no allegation that the work was unlawful, nor that defendants were not financially responsible. *Held*, that plaintiff had an adequate remedy at law.

Action by Maria Del Carmen Santos Suarez De Carvajal against the Young Men's Christian Association of the City of New York and others. Motion to continue an injunction pendente lite. Motion denied.

Weekes Bros., for plaintiff.
Lippman & Ruck, for defendants Canavan.
Cephas Brainerd, for defendant Young Men's Christian Ass'n.

GIEGERICH, J. The plaintiff's application for an injunction restraining the defendants from blasting in the excavation adjoining the plaintiff's property is based upon the claim that the prosecution of the work complained of is seriously endangering the plaintiff's building, and that there is no adequate remedy at law, because of the financial irresponsibility of the defendant contractors, and the denial by the defendant owner, the Young Men's Christian Association, of its liability for any damages that might be caused by such blasting. The defendant contractors, among other things, set up that the work is being prosecuted with the utmost care, and that no damage has been done to several other buildings immediately adja-

cent to the excavation, where the conditions are the same, and the work has been completed. The plaintiff's case is based principally upon the decision of Mr. Justice McAdam in Brennan v. Schreiner, 28 Abb. N. C. 481, 20 N. Y. Supp. 130, where it was held:

"The owner of a house erected upon a stratum of rock extending through adjoining premises may enjoin the owner of the adjoining premises from blasting the rock, where the blasting, even if conducted with greatest care, would cause serious injury to the house. In such a case, the act itself being wrongful, the defendant cannot shield himself from the consequences by making a contract with another to do the wrong for him. The rule that one contracting with another to do a lawful act in a lawful manner is not answerable to a stranger for the manner in which the contractor or his servants do the work does not apply."

In my opinion, however, that authority has been overruled by subsequent decisions of the court of appeals, notably by Booth v. Railroad Co., 140 N. Y. 267, 278, 280, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552, where it was said:

"The rocky surface of the upper part of Manhattan Island makes blasting necessary in the work of excavation, and, unless permitted, the value of lots, especially for business uses, would be seriously affected. May the man who has first built a store or warehouse or dwelling on his lot, and has blasted the rock for a basement or cellar, prevent his neighbor from doing the same thing when he comes to build on his lot adjoining, on the ground that by so doing his own structure will be injured? Such a rule would enable the first occupant to control the uses of the adjoining property, to the serious injury of the owner, and prevent or tend to prevent the improvement of property. * * * The fact of proximity imposes an obligation of care, so that one engaged in improving his own lot shall do no unnecessary damage to his neighbor's dwelling; but it cannot, we think, exclude the former from employing the necessary and usual means to adapt his lot to any lawful use, although the means used may endanger the house of his neighbor. * * * It [the blasting] was not an act which, under all circumstances, would produce injury to his neighbor, as is shown by the fact that other buildings near by were not injured. * * * To exclude the defendant from blasting to adapt its lot to the contemplated uses at the instance of the plaintiff would not be a compromise between conflicting rights, but an extinguishment of the right of the one for the benefit of the other. This sacrifice, we think, the law does not exact. Public policy is promoted by the building up of towns and cities, and the improvement of property."

See, also, French v. Vix, 143 N. Y. 90, 37 N. E. 612, and Tucker v. Paving Co., 61 App. Div. 521, 70 N. Y. Supp. 688.

The plaintiff's attorney seeks to distinguish these cases last cited on the ground that in none of them does it appear that the condition exists upon which the plaintiff relies, namely, the continuance of the same stratum of rock through the two properties. Such a distinction, however, would deprive the rule laid down so elaborately in the cases referred to of its principal and important application, because in most cases, at least on Manhattan Island, where blasting is necessary in excavation, the stratum of rock between adjacent premises is continuous. Furthermore, the theory on which the injunction is sought is not that the act is negligently done, but unlawful in itself. Such being the case, even under the authority of Brennan v. Schreiner, supra, the defendant owner, the Young Men's Christian Association, is liable, and its financial responsibility, unlike that of the defendant contractors, is not questioned in the complaint; and there is conse-

quently a failure to show in the complaint that the plaintiff will not have an adequate remedy at law for any damages that may result to her building. The motion should be denied, with $10 costs.

Motion denied, with $10 costs.