(54 Misc. 545)

## GOLDSTEIN v. WOLKENBERG.

(Supreme Court, Appellate Term. June 6, 1907.)

MASTER AND SERVANT—INJURIES TO THIRD PERSON—INDEPENDENT CONTRACTOR.
Where the owner of a building contracted with another person for the construction of mason work within the building, all the details being left to the discretion of the contractor, the owner cannot be held liable for an injury caused by the cable of a hod elevator used by the contractor, where it does not appear that he had failed to exercise care to employ a skillful and competent builder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1262.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Harry Goldstein, an infant, against Joseph Wolkenberg. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

William A. Jones, for appellant.
Leopold Freiman, for respondent.

PER CURIAM. According to respondent's own statement:

"The defendant was the owner of a building in the course of erection at Nos. 712–714 East Sixth street, in the borough of Manhattan, city of New York. The defendant executed a contract with one Miceli & Co., under which contract the said Miceli & Co. was to do all the mason work in the said building, and the said Miceli & Co. made a contract with the Stanley Hod Elevator Company, wherein the said elevator company agreed to supply a 'hod' elevator machine for use in the said building. This machine was stationed in front of the said building near the curb, and from this machine a cable was drawn over the sidewalk into the building and attached to a hod elevator."

That was the condition several weeks before the accident, and defendant had knowledge of it. On August 26, 1906, at 9 p. m., plaintiff's mother, with infant plaintiff in her arms, stumbled over this cable, as it was raised six inches from the ground, without protection, and fell, severely injuring plaintiff. There were no lights near this place, so that she was unable to see. This happened on a Sunday. The plaintiff brings this action against the owner of the building "upon the theory of a 'nuisance,' rather than upon the theory of 'negligence.'"

Whether an owner or independent contractor is to be held liable depends upon the work contracted for, and this distinction is brought out in the case of Robbins v. City, 4 Wall. (U. S.) 679, 18 L. Ed. 427, cited and approved in Maltbie v. Bolting, 6 Misc. Rep. 339, 26 N. Y. Supp. 903:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

To the same effect is Wood on Nuisances, vol. 2, p. 1231.

In the case at bar the contract was for the construction of mason work within the building; all the details of the work being left to the discretion of the contractor. As it does not appear that the work contracted for was inherently dangerous, the owner cannot be held liable for the means employed by the contractor, provided he has exercised care to employ "a skillful, reliable, and competent builder." That appellant was at all lacking in such care does not appear to be urged by respondent. So this judgment must be reversed, with costs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.