THE PEOPLE ex rel. RIGNAL D. WOODWARD, Appellant, *v*. SIMON W. ROSENDALE, Attorney-General, etc., Respondent.

In a declaration presented to the superintendent of insurance by persons applying for incorporation as a casualty insurance company the business proposed to be carried on was stated, among other things, to be "the inspection and certification as to the sanitary conditions of buildings and premises." In pursuance of the requirements of the Insurance Law, providing for the organization of such companies (§ 70, chap. 690, Laws of 1892), the superintendent submitted the declaration and charter to the attorney-general for certification ; that officer refused to certify. In proceedings by mandamus to compel the certification, *held*, that the business so stated in the declaration was not insurance in any legal sense, but an entirely distinct kind of business not within the purview of the Insurance Law, and so the declaration was not entitled to be filed in the office of the superintendent, and the attorney-general properly refused to attach his certificate of approval thereto.

(Argued March 12, 1894; decided April 10, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 5, 1893, which reversed an order of Special Term granting an application for a writ of mandamus, the nature of which and the facts, so far as material, are stated in the opinion.

*Rignal D. Woodward* for appellant. The words of subdivision 8 of section 70, chapter 690, Laws of 1892, must be construed to provide for the incorporation of companies to insure against casualties lawfully the subject of insurance, not otherwise provided for in the preceding subdivisions. (*McClusky* v. *Cromwell,* 11. N. Y. 601; *Purdy* v. *People,* 4 Hill, 397; Potter's Dwarris on Stat. 192.) The casualties sought to be insured against by the proposed company may lawfully be the subject of insurance; the certificate and charter presented are in accordance with law. (Laws of 1892, chap. 690, § 70.) When a ministerial duty is imposed on an officer, which he refuses to perform, on a question not of fact, but of law, then mandamus, and not certiorari, is the proper remedy. (Laws of 1893, chap. 725, § 10; *Howland* v. *Eldridge,* 43 N. Y. 457; *People ex rel.* v. *Chapin,* 104 id. 96; *People ex rel.* v. *Chapin,* 103 id. 635; *People* v. *Tremaine,* 17 How. Pr. 142; *Weed* v. *Beach,* 56 id. 470; *People* v. *C. Board,* 27 N. Y. 378; *People ex rel.* v. *C. Board,* 46 Barb. 254; *People* v. *C. Board,* 33 N. Y. 382; *People ex rel.* v. *Barnes,* 114 id. 317; *Swift* v. *Mayor, etc.,* 83 id. 535; *People ex rel.* v. *Beach,* 19 Hun, 259; 57 How. Pr. 337; *People ex rel.* v. *Rice,* 138 N. Y. 151; *People ex rel.* v. *Wemple,* 115 id. 302; *People ex rel.* v. *Wemple,* 125 id. 485.)

*T. E. Hancock, Attorney-General,* for respondent. The General Term properly held that the objection that mandamus was not the proper remedy was well taken. (*People ex rel.* v. *Chapin,* 104 N. Y. 96; *In re Howland,* 43 id. 457; *People ex rel.* v. *Leonard,* 74 id. 443; *People ex rel.* v. *Hoyt,* 66 id. 606.) The declaration and charter presented for approval did not comply with the provisions of the Insurance Law. (Laws of 1892, chap. 690; *F. Co.* v. *Hyde Park,* 97 U. S. 666.)

BARTLETT, J. The relator appeals from the order of the general term, third department, reversing order granting a writ of peremptory mandamus, commanding the attorney-

general to attach his certificate of approval to the declaration and charter of a proposed corporation to be called "the Sanitary Inspection and Insurance Company of New York," the relator and others having sought to organize the same under chapter 690, laws of 1892, known as "the Insurance Law." Section 70 of said act provides for the incorporation of companies to conduct the various kinds of insurances therein referred to by filing in the office of the superintendent of insurance a declaration and charter in manner and form as therein prescribed. Section 10 of said act reads as follows, viz.:

"When application is made to the superintendent of insurance by any persons desiring to become incorporated as an insurance corporation or for authority to transact the business of insurance in this state, under or pursuant to any declaration and charter presented for filing in the insurance department, or any amended declaration or charter required by law to be filed or to be approved by the superintendent, the superintendent shall not file such declaration and charter or grant such certificate of authority until such declaration and charter shall have been examined by the attorney-general and certified by him to the superintendent to be in accordance with the requirements of law."

In pursuance of this section the superintendent of insurance submitted the declaration and charter in the case at bar to the attorney-general to be examined by him and certified to be in accordance with the requirements of law. The attorney-general transmitted to the superintendent of insurance an opinion in writing, reading in part as follows, viz.:

"In reply, permit me to say that this application is made under subdivision 8, section 70 of the Insurance Law. The business proposed to be carried on is the inspection and certification as to the sanitary conditions of buildings and premises against loss or damage to life or health from causes arising from the imperfect sanitary conditions of such buildings or premises; the insurance of landlords, lessees, tenants or occupants of houses, flats, office buildings or other structures from

loss occasioned by imperfect plumbing, bursting pipes or leaks, to walls, ceilings, furniture or goods; and for the doing of such other business as may be lawfully connected with the business of sanitary inspection, care and insurance, under subdivision 8 of section 70, article 2 of chapter 690 of the Laws of 1892.

"In my opinion, this is not a kind of casualty insurance such as is specified in any of the subdivisions of section 70; nor is it a kind of insurance that can be lawfully carried on under said section.

"I, therefore, decline to attach my certificate of approval to said proposed declaration and charter."

The relator thereupon applied to the special term for a peremptory writ of mandamus to compel the attorney-general to certify to the superintendent of insurance that the said declaration and charter were in accordance with the requirements of law; this application was granted. The attorney-general appealed to the general term where the order was reversed, the court holding mandamus was not the proper remedy and refusing to consider the merits of the case.

As we are of opinion that the learned attorney-general correctly decided the question submitted to him, we do not deem it necessary to consider the question of remedy discussed in the courts below. The proposed company seeks to carry on as a part of an insurance business, according to its declaration, "the inspection and certification as to the sanitary conditions of buildings and premises." This is not insurance in any legal sense, but an entirely distinct kind of business not within the purview of the statute now under consideration. We, therefore, hold that the declaration and charter of the proposed company were not in accordance with the requirements of law, and are not entitled to be filed in the office of the superintendent of insurance.

The general term order, for the reasons stated, is hereby affirmed, with costs.

All concur.

Order affirmed.