Adolf Stern, Respondent, *v.* Samuel Rosenthal. Simon M. Rosenthal and Harris L. Rosenthal, Appellants.

(Supreme Court, Appellate Term, April, 1911.)

Former adjudication — Causes of action barred or merged in general — Identity of nature or object of action.

Insurance companies — Control and regulation — In general — Nature of insurance business.

> Where a tailor is hired to make up into trousers material supplied by the employers and the latter agree to pay the tailor the value of his labor put upon the material, although it should be damaged or destroyed by fire, in consideration of the deduction of one per cent. of the agreed price of the labor, the contract is one of employment and not of insurance within the meaning of the Insurance Law, and is not invalid under the provisions of sections 54, 58 and 59 of that law.
>
> The defense of *res adjudicata* is not made out by the production of a judgment roll in an action between the same parties by which it does not appear that the issues therein were the same involved in the action at bar.

Appeal by the defendants from a judgment of the City Court of the city of New York, entered upon the verdict of a jury rendered in favor of the plaintiff and from an order denying a motion for a new trial.

Freyer, Hyman & Jarmulowsky (Adolph Freyer, of counsel), for appellants.

Nathan Waxman, for respondent.

SEABURY, J.   The plaintiff claims that he entered into an oral agreement with the defendants under which the defendants hired the plaintiff for an indefinite term to make up into trousers material supplied by defendants, and that, in consideration of the payment by the plaintiff of one dollar to be deducted by defendants from every $100 worth of work done upon defendants' material by plaintiff, the defendants agreed to pay plaintiff the value of the labor put upon said material, if the same should be damaged or destroyed by fire. · The plaintiff also claims that, pursuant to said agreement, he received materials from the defendants and expended labor upon them, and that the defendants deducted one dollar from each $100 to which plaintiff was entitled for labor performed by the plaintiff upon defendants' material. The plaintiff also claimed that he performed labor upon·such materials of the reasonable value of $575, and that said materials were destroyed by fire without any fault of the plaintiff, and that there is now due him from the defendants $575 less $5.75 to be deducted under said agreement.

The answer is a general denial and, as separate defenses, alleges payment, the. Statute of Frauds and *res adjudicata.*

The court submitted to the jury only the question as to whether such a contract as the plaintiff claimed was made and the amount of work which the plaintiff did under it.

Upon this appeal the appellants urge two grounds for the reversal of the judgment:   *First,* That the contract sued upon is a contract of insurance, and as such is invalid; *Second,* that the former action is a bar to plaintiff's right to recover in this action.

We shall consider both of these contentions in their order.

*First.*   We think that the contract sued upon was a contract of employment rather than a contract of insurance. The claim is made that the contract sued upon is one of insurance and that such a contract is invalid under sections 54, 58 and 59 of chapter 28 of the Insurance Law (Consol. Laws, ch. 28).   Sections 58 and 59 of the Insurance Law relate exclusively to life insurance and can have no possible application to this case.   While section 54 of·the Insurance

Law in terms prohibits any person from engaging in the "business of insurance" in this State, except upon compliance with the requirements of the Insurance Law which the defendants have not complied with, we think that said provision has no application to a contract such as is now before us for consideration.

The "insurance business" contemplated by section 54 of the Insurance Law cannot be said to cover such a case as this. Here the defendants employed the plaintiff to work for them and one of the terms of the contract of employment permitted the defendants to deduct a portion of the plaintiff's wages and obligated them to pay him for his labor, even if the goods were destroyed by fire while in his custody. The goods upon which the plaintiff's labor was performed were the property of the defendants; and, when they were delivered to the plaintiff, the defendants stood in the position of pledgors who left goods with the plaintiff for him to do work upon them. If the goods were destroyed by fire while in the possession of the plaintiff, a question might have arisen as to whether the plaintiff should be paid for the labor which he had performed upon them. We think that the agreement was made with a view to obviate this question and to make it clear that, even in the event of the destruction of the goods by fire, the plaintiff should nevertheless be paid for the labor which up to that time he had performed. The fact that the defendants were authorized under the contract to deduct from the compensation of the plaintiff one dollar for every $100 worth of labor which he performed did not affect the essential legal character of the contract existing between the parties. The contract was primarily a contract of hiring. The fact that one of the terms or features of the contract of hiring was analogous to or resembled in some respect a contract of insurance did not change the legal nature of the contract.

An analysis of the contract shows that it lacks an essential element to enable it to be treated as a contract of insurance. There can be no contract of insurance unless there be a risk insured against. As Lord Mansfield said, in the early case of Tyrie v. Fletcher (Cowp. 666): "The underwriter re-

ceives a premium for running the risk of indemnifying the insured and whatever cause it be owing to, if he does not run the risk, the consideration for which the premium or money was put into his hands fails, and therefore he ought to return it."

In the contract under consideration the defendants ran no risk. They were obligated to pay the plaintiff for his labor absolutely and unconditionally. If the goods were not destroyed, they were bound to pay the plaintiff, and if the goods were destroyed they were required to pay him. While as pledgors of the goods left with the plaintiff they had an insurable interest in the goods, it is not claimed that the defendants agreed to indemnify any one for the loss of the goods. Indeed, as they were themselves the owners of the goods, there was no one whom they could indemnify against their loss. The defendants' obligation was merely to pay the plaintiff for his labor, and this labor was necessarily to be performed before the goods were destroyed. The defendants' obligation was in no sense contingent. If the goods were not destroyed, they were required to pay the plaintiff for his labor when the goods were returned to them. If the goods could not be returned to them on account of their destruction by fire, they were also to pay the plaintiff for the labor which he had performed upon them up to that time. In either event the defendants' obligation to pay was absolute. In no event was the obligation of the defendants to pay contingent upon any risk. Any risk which the defendants ran related to the goods and not to their obligation to pay for the labor of the plaintiff. The payment which the defendants agreed to make was not to be made to the person who suffered the loss. The payment was to be made to the person hired for the services which he had rendered.

Contracts which resemble contracts of insurance but which are legally distinguishable from them have several times been under consideration by the courts. Where persons applying for incorporation as an insurance company proposed to carry on among other things " the inspection and certification as to sanitary condition of buildings and premises,"

it was held that such declaration was not entitled to be filed with the Superintendent of Insurance. The court said: " This is not insurance in any legal sense, but an entirely distinct kind of business not within the purview of the statute now under consideration." People ex rel. Woodward v. Rosendale, 142 N. Y. 126, 129. So also, an agreement by contractors to indemnify the owners of property for damages to others, resulting from the performance of work on such property, was held not to constitute a contract of insurance. French v. Vix, 2 Misc. Rep. 312; affd., 143 N. Y. 90. In State v. Towle, 80 Maine, 287, the court considered a written agreement between an association and its members which provided that, if a member paid an initiation fee and dues for nine years and until he was married and an assessment on the marriage of any associate and agreed that he would not get married for two years, the company would pay $1,000 to his wife. The court not only held the contract to be illegal, but held that the contract was not one of insurance. The court said: " It is not to be conceded, we think, that this contract, in the sense of any modern use of the term, is an insurance policy. No loss or casualty or peril is named for which any indemnity is paid." In Com. v. Provident Bicycle Assn., 178 Penn. St. 636, the court was called upon to determine whether a corporation that accumulated a fund by assessment from its members and agreed to clean and repair the bicycles of members and to replace bicycles destroyed or stolen was not engaged in the insurance business within the meaning of the Insurance Law of that State. The court there said: " The contract contained in the card of membership is peculiar. In some respects it is like, and in other respects unlike, a contract of accident insurance. It is not insurance to agree to clean the bicycle of each member twice during the year; nor is it insurance to agree to provide a bicycle for his use during eight weeks if his own is stolen, unless the stolen property is sooner recovered or replaced. * * * It (the corporation) is not a beneficial association, but it is protective in its purpose and in the actual character of its business. Its agreement is an understanding not to pay money but to perform certain ser-

vices for its members." As is said in Vance on Insurance (pp. 43, 44): "It is not every contract that wears the appearance of insurance that is really a policy of insurance. * * * It is to be noticed that in all those cases which are held not to be contracts of insurance there was an element of chance, but no assumption of a risk of actual loss."

The "insurance business" contemplated by section 54 of the Insurance Law cannot be held to relate to a single contract of employment, simply because such contract has in it some element existing in contracts of insurance.

*Second.* The defense of *res adjudicata* was not sustained. The defendants offered in evidence a judgment roll, including the pleadings, entered in an action between the same parties. An examination of the pleadings shows that the plaintiff sued the defendants for work, labor and services performed on their behalf. It does not appear from the judgment roll in evidence that the issues of the previous action were the same as the issues involved in the present action.

It follows that the judgment appealed from should be affirmed, with costs.

LEHMAN and BIJUR, JJ., concur.

Judgment affirmed.